# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1286 (MSG) |
| | ) | C.A. No. 21-1455 (MSG) |
| BIONPHARMA INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AZURITY'S OBJECTIONS TO BIONPHARMA'S FED. RULE CIV. P. 45
SUBPOENAS TO DRS. STEVEN LITTLE AND STEPHEN BYRN**

Pursuant to Federal Rules of Civil Procedure 26 and 45, and the Local Rules of the District

of Delaware, Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity" or "Plaintiff"), by and through its

counsel, objects as follows to Bionpharma, Inc.'s ("Bionpharma") Subpoenas for Documents,

Information, or Objects or to Permit Inspection of Premises in a Civil Action served on March 8,

2023[1] to Drs. Steven Little and Stephen R. Byrn (the "Subpoenas").

Azurity provides these objections on the basis of its present understanding of the requests

and without prejudice to its right to supplement, modify, change, amend or alter these objections.

**GENERAL OBJECTIONS**

Azurity makes the following General Objections to Bionpharma's Document Requests

(Nos. 1-14) of Schedule A of Exhibit 2 to the Subpoena. These General Objections are

incorporated by reference into Azurity's response to each individual request, to the extent

applicable, whether or not stated in any individual response. Furthermore, reference to any of

---

[1] The Notice of Service on the docket is dated March 3, 2023. While the subpoenas were originally
provided on March 3, counsel agreed to accept service on behalf of Drs. Little and Byrn, and the
Notice of Service was filed March 8, 2023. D.I. 283. Therefore, the subpoena was not served
until March 8.

these General Objections in any specific response shall not waive or otherwise limit the applicability of all these General Objections to each and every response. Azurity reserves all objections and other questions regarding the competency, relevance, authenticity, materiality, privilege, or admissibility of any documents or materials produced in response to the Subpoenas as evidence in this suit or any other proceeding, action, or trial.

None of Azurity's objections is an admission as to the relevance or admissibility of any document or information, or to the truth or accuracy of any statement or characterization contained in the request.

1.      Azurity objects to each request, definition, and instruction to the extent it purports to impose obligations exceeding or inconsistent with obligations under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court of Delaware, other applicable laws or rules, or any court order in the case.

2.      Azurity objects to these Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the doctrine of attorney work product immunity, the common interest and joint defense privileges, or other applicable privileges (collectively "Privileged Documents"). To the extent any of these Requests may be construed as calling for the disclosure of privileged, immune, or otherwise protected information, including but not limited to information subject to the attorney-client privilege or work product doctrine, Azurity hereby claims such privileges, immunities, and other applicable protections and objects to the production of any information subject thereto. Azurity does not waive, intentionally or otherwise, any applicable privileges, immunities, and/or other applicable protections that may be asserted to protect any information from disclosure. Azurity further reserves the right to review any

documents subject to the subpoenas and redact or delete materials that are protected by the attorney-client privilege, work product doctrine, or other applicable protection.

3.        Azurity objects to each Request to the extent it seeks confidential, commercially sensitive, trade secret, or proprietary information of other non-party or non-parties; information covered by a confidentiality agreement or protective order; or information that is otherwise protected from disclosure pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence.

4.        Azurity objects to each of the requests, definitions, and instructions to the extent it purports to request information that cannot be found in the course of a reasonable search.

5.        Azurity objects to the extent that the Requests seek sensitive and confidential technical, personal, or business information.

6.        Azurity objects to each Request under Fed. R. Civ. P. 26(b)(2)(C)(i) to the extent the information sought from a third party to the litigation is unreasonably cumulative or duplicative of information provided to Defendant by Plaintiff or seeks documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.        Azurity objects to each Request to the extent it fails to describe with reasonable particularity the information requested.

8.        Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B).

9.        Azurity objects to each Request to the extent it is premature. On March 1, 2023, the Court entered an Amended Scheduling Order. D.I. 268.  Fact discovery closes July 7, 2023. *Id.*

As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P. 26(b)(4)(A).

10.     Azurity objects to each Request to the extent it is untimely. Dr. Byrn previously offered a written report, including each of the disclosures required pursuant to Fed. R. Civ. P. 26(a)(2)(B). Dr. Byrn subsequently testified in a deposition, as proper pursuant to Fed. R. Civ. P. 26(b)(4)(A), and testified at trial.  Dr. Byrn is not retained in the above-captioned litigation. Azurity objects to each Request to the extent it is seeks to compel testimony, information, and/or documents from a non-testifying expert. Fed. R. Civ. P. 45(d)(3)(B)(ii).

11.     Azurity objects to each Request to the extent it requests information protected pursuant to Fed. R. Civ. P. 26(b)(4)(C) and/or 26(b)(3)(A).

## <u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

1.     Azurity objects to the terms "You," "Your," and "Azurity" as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent these definitions purport to include "any entity by which you may be employed on a regular basis, or in which you have any economic interest, that may be involved in any way in the work perform by you."  Azurity understands "You," "Your," and "Azurity" to refer solely to Azurity.

2.     Azurity objects to the term "Azurity" as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent this definition purport to include "Azurity Pharmaceuticals, Inc. and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, including but not limited to Silvergate Pharmaceuticals, Inc., and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to: all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted

facilities or service providers, as well as persons acting or purporting to act on their behalf." Azurity understands Azurity to refer solely to Azurity Pharmaceuticals, Inc and Silvergate Pharmaceuticals, Inc.

3.      Azurity objects to the term "Plaintiff" as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent this definition purports to include "Azurity, and all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof, and any person or entity, past or present, acting or purporting to act on their behalf, including, but not limited to: all past and present officers, directors, executives, partners, employees, affiliates, attorneys, accountants, agents, consultants, representatives, and contracted facilities or service providers, as well as persons acting or purporting to act on their behalf." Azurity understands "Plaintiff" to refer solely to Azurity Pharmaceuticals, Inc.

4.      Azurity objects to Defendant's definition of "Communications" and "Document" as overly broad and unduly burdensome. Azurity further objects to the extent "Communication" or "Document" seeks anything that is properly the subject of attorney client privilege.  Azurity further objects to the extent the term "Document" is inclusive of drafts.  Pursuant to Fed. R. Civ. P. 26(b)(4)(B), drafts of expert opinions are protected from disclosure, regardless of the form in which the draft is recorded.

5.      Azurity objects to Defendant's definition of "Prior Art" to the extent it is overly broad, unduly burdensome, and seeks discovery that is irrelevant to the claims and defenses in this case.

6.      Azurity objects to Defendant's definition of "Related Patent Litigation" as irrelevant to any party's claim or defense, overly broad, unduly burdensome, and not proportional to the needs of the case.

7.      Azurity objects to Defendant's definition of "foreign counterpart application" as irrelevant to any party's claim or defense, overly broad, unduly burdensome, and not proportional to the needs of the case.

8.      Azurity objects to the term "Epaned" as seeking information not relevant to the claims or defenses in this case. Azurity understands "Epaned" to mean the enalapril maleate oral solution sold by Azurity and subject to Azurity's NDA No. 208686.

9.      Azurity objects to Instruction No. 1 to the extent it requires the production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or exception.

10.     Azurity objects to Instruction Nos. 2, 3, and 6 as unduly burdensome and oppressive to the extent they exceed the obligations under the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, the Local Rules of the Western District of Pennsylvania, the Local Rules of the Southern District of Indiana, and/or any other applicable rule or law.

## OBJECTIONS TO SPECIFIC REQUESTS

### REQUEST NO. 1

Documents sufficient to show all funding and/or compensation You received from Plaintiff pertaining to, referring to, or relating to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications.

### OBJECTIONS TO REQUEST NO. 1

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "all funding and/or compensation" and "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications."  For example, this request is overbroad to the extent it seeks documents "relating to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent

Applications," instead of the patents and formulations at issue in this case. Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception. Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information. Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A). Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received. Fed. R. Civ. P. 26(b)(4)(A). Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert. Fed. R. Civ. P. 45(d)(3)(B)(ii).

**REQUEST NO. 2**

All contracts and/or agreements between You and Plaintiff pertaining to, referring to, or relating to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications.

**OBJECTIONS TO REQUEST NO. 2**

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll contracts and/or agreements" and "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications." For example, this request is overbroad to the extent it seeks documents "relating to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications," instead of the patents and formulations at issue in this case. Azurity objects to this request as

7

overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception.  Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information.  Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P. 26(b)(4)(A). Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R. Civ. P. 45(d)(3)(B)(ii).

## REQUEST NO. 3

All communications between You and Plaintiff concerning, pertaining to, referring to, or relating to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications.

## OBJECTIONS TO REQUEST NO. 3

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrases "[a]ll communications" and "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications."  For example, this

request is overbroad to the extent it seeks communications relating "to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications" instead of the patents and formulations at issue in this case. Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception. Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100.  Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B).  Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P. 26(b)(4)(A). Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R. Civ. P. 45(d)(3)(B)(ii).

9

## REQUEST NO. 4

All documents in your possession, custody, and control, published or otherwise, concerning the manufacture, research, development, formulation, and testing (e.g., laboratory or clinical) of enalapril.

## OBJECTIONS TO REQUEST NO. 4

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents."  For example, this request is overbroad to the extent it seeks documents broadly relating to "enalapril" instead of enalapril formulations at issue in this case. Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception.  Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100.  Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B). Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended

Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at

trial, a deposition may only be conducted after the report is received. Fed. R. Civ. P. 26(b)(4)(A).

Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or

documents from a non-testifying expert. Fed. R. Civ. P. 45(d)(3)(B)(ii).

## REQUEST NO. 5

All communications between You and Plaintiff concerning any funding and/or compensation, agreements, research, development, formulation, laboratory testing, and/or clinical testing of enalapril.

## OBJECTIONS TO REQUEST NO. 5

In addition to its General Objections and Objections to Definitions and Instructions set forth

above, Azurity objects to this request as overbroad and not proportional to the needs of the case,

especially with regards to the phrases "[a]ll communications" and "any funding and/or

compensation, agreements, research, development, formulation, laboratory testing, and/or clinical

testing of enalapril." For example, this request is overbroad to the extent it seeks documents

broadly relating to "enalapril" instead of enalapril formulations at issue in this case. Azurity objects

to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for

the production of documents that are already in the possession of Bionpharma, documents which

are in the possession of any other party to this action, or documents which are more convenient,

less burdensome, or less expensive to obtain from any other source, including documents that are

publicly available. Azurity objects to this request to the extent it seeks information protected from

disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable

privilege immunity, or exception. Azurity further objects to this request to the extent it seeks

private or confidential commercial, financial, and/or proprietary business information, including

information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020)

entered in C.A. No. 19-2100. Azurity objects to each Request to the extent it calls for drafts or

portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B).    Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P. 26(b)(4)(A).  Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R. Civ. P. 45(d)(3)(B)(ii).

## REQUEST NO. 6

All documents, communications and things describing or identifying buffers for use in any enalapril liquid formulation.

## OBJECTIONS TO REQUEST NO. 6

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents, communications, and things."  For example, this request is particularly burdensome and overbroad to the extent it seeks a description or identification of buffers "for use in any enalapril liquid formulation" instead of the formulations at issue in this case.   Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to

12

the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception. Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100. Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B). Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A). Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received. Fed. R. Civ. P. 26(b)(4)(A). Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert. Fed. R. Civ. P. 45(d)(3)(B)(ii).

**REQUEST NO. 7**

All documents, communications and things describing or identifying preservatives for use in any enalapril liquid formulation.

**OBJECTIONS TO REQUEST NO. 7**

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents, communications, and things." For example, this request is overbroad to the extent it seeks a description or identification of preservatives "for use in any enalapril liquid formulation" instead of the formulations at issue in this case. Azurity

objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.   Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception.   Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100.  Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B).  Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).   Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P. 26(b)(4)(A).  Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R. Civ. P. 45(d)(3)(B)(ii).

**REQUEST NO. 8**

All patents, patent applications, articles, papers or presentations that were published or intended for publication concerning enalapril.

**OBJECTIONS TO REQUEST NO. 8**

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrase "[a]ll patents, patent applications, articles, papers or presentations."  For example, this request is overbroad to the extent it seeks a description or identification of patents, patent applications, articles, papers, or presentations broadly "concerning enalapril" in any way instead of enalapril narrowly and as it relates to the issues in this case. Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception with respect to documents that were not published.  Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information with respect to documents that were not published.  Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P.

26(b)(4)(A).   Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R. Civ. P. 45(d)(3)(B)(ii).

**REQUEST NO. 9**

All documents and things concerning any novelty, patentability, validity, infringement, state-of-the-art, unenforceability or right-to-use search, investigation, report, opinion, study, or analysis, whether formal or informal, that relates to any Enalapril Patent.

**OBJECTIONS TO REQUEST NO. 9**

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents and things," "novelty, patentability, validity, infringement, state-of-the-art, unenforceability or right-to-use search, investigation, report, opinion, study, or analysis," and "any Enalapril Patent."   For example, this request is overbroad to the extent it seeks a documents and things relating to "any Enalapril Patent" instead of the patents at issue in this case.  Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception.  Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100.  Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B).

Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P. 26(b)(4)(A). Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R. Civ. P. 45(d)(3)(B)(ii).

## REQUEST NO. 10

All documents concerning any U.S. Court litigation related to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications.

## OBJECTIONS TO REQUEST NO. 10

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents," "any U.S. Court litigation," and "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications." For example, this request is overbroad to the extent it seeks a documents and things relating to "any Enalapril Patent or Related Patent Applications" instead of the patents at issue in this case. Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine,

and/or any other applicable privilege immunity, or exception.  Azurity objects to each Request to

the extent it calls for drafts or portions of work performed, which are protected, regardless of the

form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B).  Azurity further objects

to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary

business information, including information subject to the Protective Order (D.I. 23, so ordered on

the docket October 20, 2020) entered in C.A. No. 19-2100.  Azurity objects to this request to the

extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B),

and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C)

and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this

request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified

as an expert whose opinions may be offered at trial, a deposition may only be conducted after the

report is received.  Fed. R. Civ. P. 26(b)(4)(A).  Additionally, the subpoena to Dr. Byrn improperly

seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R.

Civ. P. 45(d)(3)(B)(ii).

## REQUEST NO. 11

Any affidavit, declaration and/or expert report issued by or on behalf of You or Plaintiff in
connection with any U.S. Court litigation related to any enalapril liquid formulation, Epaned®, or
any Enalapril Patent or Related Patent Applications.

## OBJECTIONS TO REQUEST NO. 11

In addition to its General Objections and Objections to Definitions and Instructions set forth

above, Azurity objects to this request as overbroad and not proportional to the needs of the case,

especially with regards to the phrases "[a]ll documents," "any U.S. Court litigation," and "any

enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications."

For example, this request is overbroad to the extent it seeks a documents and things relating to

"any Enalapril Patent or Related Patent Applications" instead of the patents at issue in this case.

Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available. Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception. Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100. Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B). Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A). Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received. Fed. R. Civ. P. 26(b)(4)(A). Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert. Fed. R. Civ. P. 45(d)(3)(B)(ii).

**REQUEST NO. 12**

All documents relied upon in preparing any affidavit, declaration and/or expert report by or on behalf of You or Plaintiff in connection with any U.S. Court litigation related to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications.

**OBJECTIONS TO REQUEST NO. 12**

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents," "any affidavit, declaration and/or expert report," and "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications."   For example, this request is overbroad to the extent it seeks documents relating to "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications" instead of the patents and formulations at issue in this case.  Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.  Azurity objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege immunity, or exception.  Azurity further objects to this request to the extent it seeks private or confidential commercial, financial, and/or proprietary business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100.  Azurity objects to each Request to the extent it calls for drafts or portions of work performed, which are protected, regardless of the form in which the draft is recorded, pursuant to Fed. R. Civ. P. 26(b)(4)(B).  Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request

as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an

expert whose opinions may be offered at trial, a deposition may only be conducted after the report

is received. Fed. R. Civ. P. 26(b)(4)(A). Additionally, the subpoena to Dr. Byrn improperly seeks

to compel testimony, information, and/or documents from a non-testifying expert. Fed. R. Civ. P.

45(d)(3)(B)(ii).

## REQUEST NO. 13

All transcripts of any deposition or trial testimony given by You in connection with any U.S. Court litigation related to any enalapril liquid formulation, Epaned®, or any Enalapril Patent or Related Patent Applications.

## OBJECTIONS TO REQUEST NO. 13

In addition to its General Objections and Objections to Definitions and Instructions set forth

above, Azurity objects to this request as overbroad and not proportional to the needs of the case,

especially with regards to the phrases "[a]ll transcripts," "any deposition or trial testimony," "any

U.S. Court litigation," and "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or

Related Patent Applications."   For example, this request is overbroad to the extent it seeks

documents relating to "any enalapril liquid formulation, Epaned®, or any Enalapril Patent or

Related Patent Applications" instead of the patents and formulations at issue in this case. Azurity

objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it

calls for the production of documents that are already in the possession of Bionpharma, documents

which are in the possession of any other party to this action, or documents which are more

convenient, less burdensome, or less expensive to obtain from any other source, including

documents that are publicly available. Azurity objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege, the work product doctrine,

and/or any other applicable privilege immunity, or exception. Azurity further objects to this

request to the extent it seeks private or confidential commercial, financial, and/or proprietary

business information, including information subject to the Protective Order (D.I. 23, so ordered on the docket October 20, 2020) entered in C.A. No. 19-2100.  Azurity objects to this request to the extent it seeks information beyond that allowed by Federal Rule of Civil Procedure 26(a)(2)(B), and to the extent the request calls for disclosure of information protected pursuant to 26(b)(4)(C) and/or 26(b)(3)(A).  Indeed, such materials are explicitly undiscoverable. Azurity objects to this request as untimely pursuant to the Amended Scheduling Order. As Dr. Little has been identified as an expert whose opinions may be offered at trial, a deposition may only be conducted after the report is received.  Fed. R. Civ. P. 26(b)(4)(A).  Additionally, the subpoena to Dr. Byrn improperly seeks to compel testimony, information, and/or documents from a non-testifying expert.  Fed. R. Civ. P. 45(d)(3)(B)(ii).

**REQUEST NO. 14**

A copy of Your most current curriculum vitae.

**OBJECTIONS TO REQUEST NO. 14**

In addition to its General Objections and Objections to Definitions and Instructions set forth above, Azurity objects to this request as overbroad, unduly burdensome, and/or oppressive to the extent that it calls for the production of documents that are already in the possession of Bionpharma, documents which are in the possession of any other party to this action, or documents which are more convenient, less burdensome, or less expensive to obtain from any other source, including documents that are publicly available.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Azurity*
*Pharmaceuticals, Inc.*

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
(415) 947-2000

Natalie J. Morgan
Granville C. Kaufman
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real, Suite 200
San Diego, CA  92130
(858) 350-2300

March 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire | *VIA ELECTRONIC MAIL* |
| Megan C. Haney, Esquire | |
| PHILLIPS, MCLAUGHLIN & HALL, P.A. | |
| 1200 North Broom Street | |
| Wilmington, DE  19806-4204 | |
| *Attorneys for Defendant Bionpharma Inc.* | |

Andrew M. Alul, Esquire                                             *VIA ELECTRONIC MAIL*
Roshan P. Shrestha, Esquire
Luke T. Shannon, Esquire
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL  60601
*Attorneys for Defendant Bionpharma Inc.*

Aaron M. Johnson, Esquire                                         *VIA ELECTRONIC MAIL*
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
*Attorneys for Defendant Bionpharma Inc.*

Christopher J. Kelly, Esquire                                     *VIA ELECTRONIC MAIL*
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306
*Attorneys for Defendant Bionpharma Inc.*

*/s/ Megan E. Dellinger*

_____

Megan E. Dellinger (#5739)

16654747_1